UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marie Assa'ad-Faltas, MD, MPH, | ) C/A No. 3:10-1985-TLW-JRM |
| Plaintiff, | ) |
| vs. | ) |
| The State of South Carolina; The City of Columbia, | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, Marie Assa'ad-Faltas (Plaintiff), proceeding *pro se*, brings this action against the State and a local government seeking injunctive and declaratory relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant

1

who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

Background

Plaintiff filed the instant document entitled "Complaint for Habeas Relief and Immediate Injunctions," pursuant to the "U.S. Constitution, the federal habeas statute, under 42 U.S.C. § 1983." As Plaintiff appears to allege numerous violations of her civil rights to include illegal search/seizure of property, excessive force, and due process violations, the case has been construed as a § 1983 action.

Plaintiff indicates that she was "thrice arrested" from December 2009 to July 2010 by the City of Columbia, resulting in five days incarceration and "exile from her apartment for which she still pays timely full rent." *See* Complaint, page 1, ¶ 9. Plaintiff claims that her "wrists were severely bruised and her bones possibly fractured every time she was arrested because handcuffs were intentionally applied to her with excessive force." *Id.* at page 4, ¶ 45. As a result of the arrests, Plaintiff has "[t]wo General Session charges and six Municipal charges" pending. *Id.* at page 1, ¶ 3. Plaintiff has apparently been released from jail on a bond which prevents her "from living in the only home available to her in SC." *Id.* at ¶ 10. The bond also limits Plaintiff's access to the county courthouse. *Id.* at page 2, ¶ 19. Plaintiff further complains that the City of Columbia "retains intellectual and tangible property taken from [Plaintiff's] apartment and car under false pretexts of two search warrants executed with her 2 December 2009 arrest." *Id.* at ¶ 14.

In addition to Plaintiff's complaints regarding her bond conditions, Plaintiff also alleges that: (1) her motions "remain unscheduled and unheard;" (2) she cannot "have a fair trial in SC state courts;" and (3) the prosecution has made a motion to have Plaintiff "involuntarily committed for yet a fourth mental evaluation." *Id.* at page 2, ¶ 20; page 4, ¶ 37; page 3, ¶ 30. Plaintiff asks this Court to "declare any bond condition preventing a criminal defendant from returning to the only home she has as *per se* violative of the Eighth Amendment," "declare a right to immediate evidentiary hearing for every criminal defendant who has evidence that the Prosecution intends to use falsehoods against her," hold that "forced mental evaluation of a criminal defendant without history of mental illness . . . is unconstitutional as violative of the Fourth and Fifth Amendments," "hold that a *pro se* party's access to a state courthouse may not be limited," and "hold South Carolina's harassment and stalking statute and unlawful use of a telephone statute . . . unconstitutional." *Id.* at page 5. Finally, Plaintiff seeks an immediate restraining order. *Id.*

Discussion

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In the instant complaint, Plaintiff alleges numerous violations of her constitutional rights to include excessive bail, excessive use of force during arrest, illegal search and seizure of property, and due process violations. However, Plaintiff fails to state a cognizable claim against the named

Defendants. First, in regards to Defendant State of South Carolina, the Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court, in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this Court from granting injunctive relief against a state or its agencies.[1] *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"); *Alabama v. Pugh*, 438 U. S. 781 (1978). *See also Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 766 (2002)("Sovereign immunity does not merely constitute a defense to monetary liability or even to all types of liability. Rather, it provides an immunity from suit."). As the State of South Carolina is protected from suit by Eleventh Amendment immunity, this Defendant is entitled to summary dismissal from the instant action.

Next, Plaintiff names the City of Columbia as a Defendant for searching Plaintiff's property "under false pretexts," retaining intellectual and tangible property seized subsequent to the search, and for Plaintiff's three arrests. Municipal liability is based on execution of a governmental policy or custom. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). A municipality, such as

---

[1] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e).

Defendant City of Columbia, may not be held liable under § 1983 solely because it employs a tort-feasor; rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997). Although Plaintiff clearly complains about her specific treatment in, or by, the City of Columbia, she fails to identify a policy or custom of the City of Columbia which caused her federal rights to be violated. "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403-404. As Plaintiff provides no factual allegations to indicate that the City of Columbia's policies or customs resulted in a violation of her rights, the complaint should be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Finally, it is noted that, in addition to injunctive relief, Plaintiff also asks this Court "declare" that various actions taken by the State Courts have violated Plaintiff's federal constitutional rights. "Declaratory judgments, however, are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 Fed. Appx. 475, 477 (7th Cir. 2003) (citing *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir.2002). "Declaratory judgments are not meant simply to proclaim that one party is liable to another." *Id.* (citing *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553-54 (Fed.Cir.1994) (en banc) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "different from a formal declaration under the Declaratory Judgment Act")). *See also Abebe v. Richland County*, C/A No. 2:09-02469-MBS-RSC, 2009 WL 6582396 (D.S.C. Oct. 8, 2009)(plaintiff's request for declaratory judgment "misses the mark" when he asks the court for declarations that the acts and omissions described in the complaint

violated his rights under the constitution). Thus, to the extent Plaintiff seeks a declaration that the Defendants' past behavior constituted a violation of her rights, Plaintiff is not entitled to such relief.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

August 18, 2010  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).